UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO L. CUSHINGBERRY, )<br>　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　Petitioner, )<br>　　vs. 　　　　　　　　　　　　　　　　　 )　　No. 1:15-cv-862-WTL-DKL<br>　　　　　　　　　　　　　　　　　　　　 )<br>SUPERINTENDENT ZATECKY, 　　　 )<br>　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　　　Respondent. 　　　　　 ) | |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Antonio Cushingberry was convicted in an Indiana state court of possession of a firearm by a serious violent felon and habitual offender adjudication. He brought the present action seeking a writ of habeas corpus. His petition was summarily dismissed, however, because this action was an unauthorized second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254(a). Judgment was entered on the clerk's docket on June 9, 2015.

The entry of judgment was followed by the filing of Cushingberry's motion for relief from judgment on June 24, 2015. Based on its timing and content, the motion for relief from judgment is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact'

or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

There was no manifest error of law or fact in this case. The court did not misapprehend the petitioner's claim, nor did it misapply the law to that claim in finding that dismissal was required. Although not every later-in-time petition is "a second or successive habeas corpus application" within the meaning of 28 U.S.C. § 2244(b), *see Magwood v. Patterson,* 561 U.S. 320, 332 (2010), the habeas petition filed in this case was such an application. With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action was properly dismissed for lack of jurisdiction.

This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.*

The motion for relief from judgment, treated as a motion to alter or amend judgment [dkt 7], is **denied**.

IT IS SO ORDERED.

*William T. Lawrence* (signature)

Date: 6/30/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ANTONIO CUSHINGBERRY
913541
Wabash Valley Correctional Facility
Electronic Filing Participant – Court Only